UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOHNSON #235820,

        Plaintiff,                                  Hon. Robert J. Jonker

v.                                                    Case No. 1:19-cv-254

UNKNOWN RICCIARDI, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Russell's[1] Motion for Summary Judgment. (ECF No. 28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted.

## BACKGROUND

The following allegations are contained in Plaintiff's Amended Complaint. (ECF No. 13). Plaintiff was born with bronchial asthma and "a host of allergies," including an allergy to wool. Following his incarceration in 1994, Plaintiff began experiencing itching, skin irritation, and "prolonged complications with breathing." On an unknown date, care providers determined that Plaintiff was allergic to the MDOC's wool blankets. Plaintiff was provided medication as well as an accommodation to receive cotton blankets.

---

1 In her motion, Defendant indicates that she has married and now uses the surname Dalton. To eliminate the possibility of confusion, however, the Court will refer to Defendant by her maiden name, Russell, as this is the name Plaintiff uses in his complaint and other pleadings.

On February 10, 2016, Plaintiff, then residing at the Chippewa Correctional Facility (URF), was informed by a nurse that his special accommodation for cotton blankets "remained valid" and "had no expiration date because of his wool allergy." On February 18, 2016, Plaintiff was transferred to the Oaks Correctional Facility (ECF). Upon arrival at ECF, Plaintiff was informed by an "intake nurse" that his cotton blanket accommodation was "valid."

On March 7, 2016, Defendant Ricciardi issued Plaintiff one cotton blanket. Plaintiff objected, noting that pursuant to MDOC policy every prisoner was to receive two blankets. Ricciardi responded by informing Plaintiff, "you got what you're supposed to get." When Plaintiff stated that he would "write a grievance," Ricciardi responded, "then you won't have to worry about any blankets."

The following day, Plaintiff submitted a grievance alleging that Defendant Ricciardi improperly denied him a second blanket. On March 18, 2016, Plaintiff was informed by Defendant Russell that his cotton blanket accommodation was being cancelled because he filed a grievance against Defendant Ricciardi. Following the termination of his cotton blanket accommodation, Defendant Ricciardi instructed housing unit staff to confiscate Plaintiff's cotton blanket. Plaintiff was thereafter "forced to endure the winter months of 2016 through 2019 without any blankets."

Plaintiff alleges that Defendants Ricciardi and Russell violated his First Amendment right to be free from unlawful retaliation and his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks declaratory, injunctive,

2

and monetary relief. Defendant Russell now moves for summary judgment. Plaintiff has responded to the motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

3

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

### I. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations that occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, Plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

4

With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix*, 367 F.3d at 525. Contemporary standards of decency are violated only by "extreme deprivations," which deprive the prisoner of the "minimal civilized measure of life's necessities." *Ibid.* If the objective test is met, the Court must then determine whether Defendants acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was the individual deliberately indifferent to inmate health or safety. *Ibid.* But the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that a defendant acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

In support of her motion for summary judgment, Defendant has submitted medical records concerning Plaintiff's treatment while in MDOC custody. (ECF No. 28, PageID.179-208). This medical evidence fails to establish that Plaintiff suffers from a wool allergy. While Plaintiff was previously provided a cotton-blanket accommodation, there is no medical evidence that such was due to medical necessity. (*Id.*, PageID.180-81).

5

On March 17, 2016, Plaintiff was examined by a nurse who determined that there existed "no evidence" that Plaintiff suffered from a wool allergy. (*Id.*, PageID.184). The following day, Plaintiff met with Defendant who explained that Plaintiff was not approved for a cotton-blanket accommodation because there was no evidence that such was medically necessary. (*Id.*, 185). Plaintiff was nevertheless encouraged to inform healthcare if he exhibited symptoms of a wool allergy. (*Id.*).

On August 10, 2016, Plaintiff was again examined by Defendant. (*Id.*, PageID.187-89). Defendant noted that Plaintiff's symptoms of respiratory impairment were "minimal" and relieved by medication. (*Id.*, PageID.187). The results of a physical examination were unremarkable. (*Id.*, PageID.188). Defendant had no further involvement with Plaintiff's care. (*Id.*, PageID.179-211). Subsequent examinations conducted after Plaintiff was transferred to a different MDOC facility likewise concluded that there existed no medical reason to provide Plaintiff a cotton-blanket accommodation. (*Id.*, PageID.199-200).

In response to the present motion, Plaintiff has likewise submitted records concerning his medical treatment. (ECF No. 39, PageID.277-80). While this evidence reveals that, in 2008 Plaintiff was provided an accommodation for cotton bedding, there is no indication that such was because Plaintiff suffered from a wool allergy. (*Id.*). Plaintiff has also submitted evidence that he was prescribed a topical steroid purportedly to treat eczema. (*Id.*, PageID.271). Plaintiff has presented no evidence that a wool allergy produces eczema or that this medication was prescribed in response to his having been diagnosed with a wool allergy. Finally, Plaintiff has submitted an affidavit

6

executed by his mother, who asserts that Plaintiff does, in fact, suffer from a wool allergy. (*Id.*, PageID.269-70).

While the Court must interpret the evidence submitted in a light most favorable to Plaintiff, such is still not sufficient to defeat Defendant's motion for relief. The affidavit from Plaintiff's mother does create a factual dispute as to whether Plaintiff suffers from a wool allergy sufficiently serious to implicate the Eighth Amendment. There is no evidence, however, that Plaintiff's mother ever communicated this information to Defendant or any other prison or healthcare official. As discussed above, there is nothing in the evidence submitted to the Court that shows that Defendant was subjectively aware that Plaintiff has a wool allergy. Multiple examinations, by Defendant and others, have revealed no evidence that Plaintiff has a wool allergy.

In sum, Plaintiff's claim fails because he cannot establish the subjective element of the analysis. Specifically, even the Court assumes that Plaintiff does suffer from a wool allergy, Plaintiff cannot show that Defendant had actual knowledge of such. Thus, Plaintiff cannot show that Defendant was deliberately indifferent to his health or safety. Accordingly, as to Plaintiff's Eighth Amendment claim, the undersigned recommends that Defendant is entitled to summary judgment.

## II.    First Amendment

Plaintiff alleges that, on March 18, 2016, Defendant cancelled his cotton-blanket accommodation in retaliation for having filed a grievance against a different prison official ten days earlier. To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) a defendant took

adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

Defendant concedes that Plaintiff was engaged in protected conduct, but argues that Plaintiff cannot prevail on the remaining two elements. The Court partly agrees. With respect to the adverse action prong, the affidavit by Plaintiff's mother creates a factual dispute as to whether denying Plaintiff's request subjected him to adverse action. Stated differently, if Plaintiff does suffer from a wool allergy, denying his request for cotton bedding, in effect, forced Plaintiff to choose between going without bedding or using bedding that subjects him to the effects of an allergen. Such could deter a person from ordinary firmness from continuing to engage in protected conduct. *See, e.g., Maben v. Thalen*, 887 F.3d 252, 266 (6th Cir. 2018) (unless the alleged adverse action is "inconsequential," such presents a jury question).

Regarding the causation element, however, the Court reaches a different conclusion. With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th

8

Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Plaintiff must first present evidence that his protected conduct was a motivating factor in the defendant's action. Even if Plaintiff makes this showing, Defendant is entitled to summary judgment if she demonstrates that she "would have taken the same action even without the protected activity." *Eby*, 481 F.3d at 441-42. Moreover, as the Supreme Court recently held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must *cause* the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019).

Defendant denied Plaintiff's request for a cotton-blanket accommodation on March 18, 2016. As discussed above, the previous day a nurse examined Plaintiff and determined that there was no evidence supporting Plaintiff's request. This was consistent with Plaintiff's prior medical history, which failed to show that Plaintiff suffers from a wool allergy or otherwise had a medical need for cotton blankets. As Defendant asserts in her affidavit, she denied Plaintiff's request for a cotton-blanket

9

accommodation because there was no medical evidence supporting such. (ECF No. 28-3, PageID.209-10). Because Defendant has demonstrated that her decision was unrelated to Plaintiff's protected conduct, she is entitled to summary judgment. Accordingly, as to Plaintiff's retaliation claim, the undersigned recommends that Defendant's motion be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 28) be granted and Plaintiff's claims against Defendant Russell be dismissed. For the same reasons underlying this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 12, 2021           /s/ Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge