UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOHNSON #235820,

        Plaintiff,                                     Hon. Robert J. Jonker

v.                                                  Case No. 1:19-cv-254

UNKNOWN RICCIARDI, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Ricciardi's Motion for Summary Judgment. (ECF No. 50). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be denied.

## BACKGROUND

The following allegations are contained in Plaintiff's Amended Complaint. (ECF No. 13). Plaintiff was born with bronchial asthma and "a host of allergies," including an allergy to wool. Following his incarceration in 1994, Plaintiff began experiencing itching, skin irritation, and "prolonged complications with breathing." On an unknown date, care providers determined that Plaintiff was allergic to the MDOC's wool blankets. Plaintiff was provided medication as well as an accommodation to receive cotton blankets.

On February 10, 2016, Plaintiff, then residing at the Chippewa Correctional Facility (URF), was informed by a nurse that his special accommodation for cotton blankets "remained valid" and "had no expiration date because of his wool allergy." On

February 18, 2016, Plaintiff was transferred to the Oaks Correctional Facility (ECF). Upon arrival at ECF, Plaintiff was informed by an "intake nurse" that his cotton blanket accommodation was "valid."

On March 7, 2016, Defendant Ricciardi issued Plaintiff one cotton blanket. Plaintiff objected, noting that, pursuant to MDOC policy, every prisoner was to receive two blankets. Ricciardi responded by informing Plaintiff, "you got what you're supposed to get." When Plaintiff stated that he would "write a grievance," Ricciardi responded, "then you won't have to worry about any blankets."

The following day, Plaintiff submitted a grievance alleging that Defendant Ricciardi improperly denied him a second blanket. On March 18, 2016, Plaintiff was informed by Defendant Russell that his cotton blanket accommodation was being cancelled because he filed a grievance against Defendant Ricciardi. Thereafter, Defendant Ricciardi instructed housing unit staff to confiscate Plaintiff's cotton blanket. Plaintiff was thereafter "forced to endure the winter months of 2016 through 2019 without any blankets."

Plaintiff alleges that Defendants Ricciardi and Russell violated his First Amendment right to be free from unlawful retaliation and his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks declaratory, injunctive, and monetary relief. Plaintiff's claims against Defendant Russell have already been dismissed. Defendant Ricciardi now moves for summary judgment. Plaintiff has responded to the motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, - - - F.3d - - -, 2021 WL 1257802 at *4 (6th Cir., Apr. 6, 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot

merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

Defendant argues that he is entitled to relief because Plaintiff did not initiate the present action prior to the expiration of the statute of limitations. The Court is not persuaded.

When determining the limitations period applicable in a § 1983 action, courts must borrow the statute of limitations that governs personal injury actions in the state in which the § 1983 action was initiated. *See Owens v. Okure*, 488 U.S. 235, 239-41 (1989); *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009). Where the relevant state law provides multiple statutes of limitation for personal injury actions, courts are to apply the "general or residual statute for personal injury actions." *Okure*, 488 U.S. at 249-50; *Bonner*, 564 F.3d at 430. Michigan law articulates multiple statutes of limitation

applicable to personal injury actions. *See* Mich. Comp. Laws § 600.5805. Accordingly, the limitations period applicable in the present action is three years, as articulated in Mich. Comp. Laws § 600.5805(2). *See Hardin v. Straub*, 490 U.S. 536, 540 (1989); *Jones v. City of Hamtramck*, 905 F.2d 908, 909 (6th Cir. 1990).[1]

While the Court looks to state law to identify the applicable statute of limitations, federal law must be applied when determining when the relevant limitations period begins to run. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). Under federal law, the statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500-01 (6th Cir. 2001). A plaintiff has reason to know of his injury when he "should have discovered it through the exercise of reasonable diligence." *Dotson v. Lane*, 360 Fed. Appx. 617, 619 n.2 (6th Cir., Jan. 5, 2010). Defendant bears the burden to establish that Plaintiff has failed to timely assert his claims. *See Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013). If Defendant satisfies his burden, the burden then shifts to Plaintiff to establish that there exists an applicable exception to the statute of limitations. *Ibid.*

To assess Defendant's argument, it is necessary to identify the claims remaining against Defendant Ricciardi. As noted above, Plaintiff has asserted an Eighth Amendment conditions of confinement claim and a First Amendment retaliation claim.

---

1 The *Hardin* and *City of Hamtramck* courts identified the then relevant provision as Mich. Comp. Laws § 600.5805(8). This particular provision is presently codified at Mich. Comp. Laws § 600.5805(2).

5

Plaintiff's Eighth Amendment claim alleges that, on March 7, 2016, Defendant refused to provide Plaintiff with more than one cotton blanket. Plaintiff's First Amendment claim alleges that on March 18, 2016, Defendant instructed prison staff to confiscate Plaintiff's cotton blanket. Plaintiff alleges that Defendant took this action in retaliation for Plaintiff filing a grievance against Defendant for allegedly providing him with only one cotton blanket.

  A.  Eighth Amendment Claim

Plaintiff knew or should have known on March 7, 2016, of the injury forming the basis of his Eighth Amendment claim. As Defendant correctly notes, Plaintiff initiated the present action on April 1, 2019, more than three years after the statute of limitations began running. The statute of limitations is tolled, however, during the pendency of any attempts by Plaintiff to exhaust his administrative remedies. *See, e.g., Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012).

On March 8, 2016, Plaintiff submitted a Step I grievance (ECF No. 2016-03-624-03h) alleging that the "Quartermaster staff person" violated his Eighth Amendment rights by providing him with only one cotton blanket.[2] (ECF No. 65, PageID.445). This was sufficient to put prison personnel on notice that the grievance was being asserted against Defendant. *See, e.g., Bailey v. Michigan Department of Corrections*, 2020 WL 4934314 at *4 (E.D. Mich., Aug. 24, 2020) ("[t]he failure to identify a person by name does not preclude a finding of exhaustion 'as long as the prisoner identifies a defendant

---

[2] In both his original and amended complaints, Plaintiff identified Defendant Ricciardi as "the Quartermaster Personnel."

6

based on the factual allegations'"). This conclusion is supported by the fact that the grievance was not rejected for failure to identify the person against whom it was asserted.

Plaintiff's Step I grievance was denied on March 25, 2016. (*Id.*). Plaintiff concedes that he "abandoned this grievance" after it was rejected at Step I. (ECF No. 65, PageID.440). While Plaintiff ultimately decided not to pursue a Step II grievance, he had the option to do so until the deadline for such expired. Thus, Plaintiff cannot be held to have abandoned his efforts at exhausting this claim until the time for filing a Step II grievance expired. Pursuant to the policy in place in 2016, a Step II grievance had to be submitted "within ten business days after receiving the Step I response or, if no response was received, within ten business days after the date the response was due." Mich. Dep't of Corr., Policy Directive 03.02.130 ¶ BB (eff. date July 9, 2007). Absent the granting of an extension, which does not appear to have happened in this case, a response to Plaintiff's Step I grievance was due "within 15 business days after receipt of the grievance." (*Id.* at ¶ X).

The date on which prison officials received Plaintiff's Step I grievance is not clear. However, given that Plaintiff submitted the grievance on March 8, 2016, the response to such was due no later than March 29, 2016. While Plaintiff's Step I grievance was denied on March 25, 2016, there is no indication, on the grievance or elsewhere, the date on which this denial was communicated to Plaintiff. Thus, Plaintiff had ten business days from March 29, 2016, or April 12, 2016, to timely file a Step II grievance. Because Plaintiff did not file a Step II grievance, his efforts at exhaustion ended, and the statute

7

of limitations resumed running, on April 13, 2016.

In sum, the statue of limitations on Plaintiff's Eighth Amendment claim began running on March 7, 2016, but was tolled from March 8, 2016, through April 13, 2016, as Plaintiff pursued his administrative remedies.[3] Thus, Plaintiff's claim, filed on April 1, 2019, was timely filed. Accordingly, the Court rejects Defendant's argument that Plaintiff's Eighth Amendment claim was untimely filed.

B.   First Amendment Claim

On March 23, 2016, Plaintiff submitted a Step I grievance (ECF No. 2016-03-810-12i) alleging that the "Quartermaster Staff" and others retaliated against him for filing a grievance. (ECF No. 65, PageID.449). Again, this was sufficient to put prison personnel on notice that the grievance was being asserted against Defendant. According to the evidence submitted by Defendant, Plaintiff pursued this grievance through all three steps of the grievance process. (ECF No. 51, PageID.373). This evidence indicates that the decision denying Plaintiff's Step III grievance was mailed to Plaintiff on July 13, 2016. (*Id.*). In the absence of evidence suggesting otherwise, the Court will assume that Plaintiff's Step III grievance was denied, and the exhaustion process completed, on July 13, 2016.

---

3 Defendant has identified no authority standing for the proposition that attempts at exhaustion serve to toll the statute of limitations only if such are successfully pursued through all three steps of the grievance process.

In his grievance, Plaintiff suggests that he realized on March 18, 2016, that he had been subjected to unlawful retaliation. Thus, the statute of limitations on Plaintiff's First Amendment claim began to run on March 18, 2016, but was tolled from March 23, 2016, through July 13, 2016, as Plaintiff pursued his administrative remedies. Thus, Plaintiff's claim, filed on April 1, 2019, was timely filed. Accordingly, the Court rejects Defendant's argument that Plaintiff's First Amendment claim was untimely filed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Ricciardi's Motion for Summary Judgment (ECF No. 50) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 24, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

9